THIRD DISTRICT—APRIL, 1915.        565

First National Bank of Paxton v. Snelling, 193 Ill. App. 565.

First National Bank of Paxton, Illinois, Appellee, v. James H. Snelling et al., Appellants.

Victor T. Brassard, Appellee, v. James H. Snelling et al., Appellants.

(Not to be reported in full.)

Appeal from the Circuit Court of Ford county; the Hon. GEORGE W. PATTON, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915. Rehearing denied May 26, 1915. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

The complainants, the First National Bank of Paxton, Illinois and Victor T. Brassard, respectively and separately filed their bills against the defendants in aid of executions issued on judgments which they had respectively and separately recovered against the defendant James H. Snelling. By agreement the suits were consolidated and heard as one case and one decree entered in favor of the complainants, from which the defendants James H. Snelling and Frances E. Snelling appeal.

The evidence tended to show that after incurring the indebtedness on which the judgments were obtained, that the defendant James H. Snelling conveyed his farm to Levi W. Rood, who in turn conveyed it to Frances E. Snelling, the wife of James H. Snelling. Frances E. Snelling contended that the deed was given her in consideration of money received by her from her father's estate and loaned her husband many years before.

The defendants claimed in their answer to the Brassard bill that the notes on which he (Brassard) recovered judgment against Snelling, Williams and Stewart were void and without consideration as against James H. Snelling; that Snelling signed the notes merely as

accommodation maker, and that the real makers thereof were Williams and Stewart; that Snelling was by fraud and misrepresentation induced by Williams and Stewart to sign the same upon their fraudulent representation that there was a mortgage of $12,000 upon the property which Snelling had purchased or traded for in Chicago, whereas in truth there was but a mortgage of $9,000 on said property; that Snelling signed said notes with the understanding and agreement that there was a $12,000 mortgage on said property; that said Stewart and Williams and one Jesse M. Brown sold to Brassard the notes in question, and that Brassard was informed and well knew at the time of the purchase of said notes that Snelling had signed same without any consideration; and that in consequence thereof, appellee Brassard required the said Jesse M. Brown to guaranty the note by indorsement thereon before Brassard would or did purchase the same.

The appellants claimed that the evidence did not sustain the allegations of the bill and do not warrant the finding in the decree.

The evidence showed that James H. Snelling was a farmer. That in 1877 he bought the Southwest Quarter of Section 11 in Township 24 North, Range 9 East of the Third Principal Meridian, in Ford County, for $4,300; that the first payment on the land was $2,000, which he borrowed from his father; that in October, 1885, Snelling and his wife bought the southeast quarter of the same section, taking title thereto in their joint names, and entered into the possession and enjoyment of the same, as tenants in common; that the quarter section bought by Snelling, and Snelling's undivided one-half of this quarter section so jointly purchased, is the land here in the controversy; that the purchase price of this last quarter section was paid by money which "came from the income of the S. W. ¼ of Section 11;" that in September, 1883, Frances E. Snelling realized $6,000 from the sale of certain land which she had received from her father's

estate; that this money was put into a bank and was drawn out as needed, part for building, part in paying off mortgages and the remainder for improvements and other things.

The record does not disclose that the money was loaned by Mrs. Snelling to Mr. Snelling. No note was given for it by Snelling to his wife, no mention was made that its use created an indebtedness from him to her, no book entry was made of the same by either as a credit or a debit, no promise was made to repay it or request made for its repayment, no interest on it was ever mentioned, no accounting relative to it was ever had between the parties, until the twenty-eight years after its use, when they met at the house of a mutual friend, Rood, in La Salle county, accompanied by the attorney employed by Snelling at the suggestion of Rood, and whose employment was expressly for the purpose of aiding Snelling to extricate himself from his financial entanglement, resulting from an unfortunate trade for incumbered Chicago flat property; that on February 20, 1908, Snelling and wife, and each in his or her right, and as husband and wife, mortgaged the whole half section for $20,000 at six per cent. interest payable semiannually, and evidenced by one principal note of $20,000, and ten interest notes of $600 each, signed by both; that about March 1, 1910, Rood paid Mrs. Snelling $4,872, which was her portion of the final distribution of her father's estate realized from a sale to Rood of what remained from her father's real estate; that was not loaned by her to her husband; that $1,872 of it was spent on the farm at different times, part for taxes and part in paying interest on the $20,000 mortgage and in putting improvements on the farm.

SCHNEIDER & SCHNEIDER, for appellants; KING, BROWER & HURLBUT, of counsel.

CLOUD & THOMPSON and E. P. HARNEY, for appellees.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

## Abstract of the Decision.

1. HUSBAND AND WIFE, § 57*—*when conveyance from husband to wife valid against creditors.* A wife may loan her separate property to her husband, for which he may give her security which will be valid as against both his existing and subsequent creditors.

2. HUSBAND AND WIFE, § 45*—*when loan by wife to husband gives priority over creditors.* The mere fact that a wife lets her husband have her money to use is not sufficient to give her priority over his creditors.

3. HUSBAND AND WIFE, § 45*—*when promise of husband to repay wife for loan presumed.* When the rights of creditors are involved the law will not imply a promise to repay from the delivery by a wife of her money to her husband, but an express promise must be shown or proof given that they dealt with each other as debtor and creditor.

4. HUSBAND AND WIFE, § 57*—*when use of wife's money good consideration for deed.* The use by a husband of his wife's money *held* not a sufficient consideration as against his creditors for a conveyance of his property to her.

5. BILLS AND NOTES, § 448*—*sufficiency of evidence to show acquisition of note in good faith.* The evidence *held* sufficient to show that a purchaser acquired a note in good faith and on a sufficient consideration.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.